OPINION
Appellant, Steven J. Cosari, appeals from the denial of his motion to suppress following his conviction for driving with a prohibited blood alcohol concentration in the Portage County Municipal Court, Ravenna Division.
At approximately 1:14 a.m. on October 25, 1998, Trooper Todd Reider ("Trooper Reider") of the Ohio State Highway Patrol was conducting stationary radar surveillance on a portion of State Route 59 in Franklin Township when he observed an approaching vehicle that appeared to be traveling in excess of the posted speed limit. The trooper activated his radar and clocked appellant's automobile at forty-nine m.p.h. in a thirty-five m.p.h. zone. Based on the vehicle's speed, Trooper Reider pulled onto State Route 59 and activated his overhead lights to effectuate a traffic stop.
Trooper Reider approached the stopped vehicle and saw appellant sitting behind the steering wheel. When the trooper asked to see appellant's driver's license, he immediately detected an odor of alcohol emanating from within the vehicle. As a result, Trooper Reider asked appellant to walk back to his patrol car.
Once in the patrol car, the trooper asked appellant how much he had had to drink that night. Appellant told the officer that he had consumed three drinks. During the conversation, Trooper Reider noticed an odor of alcohol on appellant's breath.
In light of the odor of alcohol and appellant's admission that he had been drinking, Trooper Reider decided to perform a battery of field sobriety tests. The trooper first administered the horizontal gaze nystagmus test which resulted in appellant showing all six clues. Trooper Reider then asked appellant to recite the alphabet which appellant successfully completed.
The two men then exited the patrol car and Trooper Reider had appellant perform the walk-and-turn test. In the midst of attempting this, appellant stumbled slightly when executing the required turn. Trooper Reider then requested that appellant do the one-legged stand. While doing this skill test, appellant swayed, put his foot down one time, and raised his arms above six inches to keep his balance. Finally, the trooper asked appellant to take the finger-to-nose test, during which appellant missed touching his nose one out of the four times he tried.
Due to appellant's poor performance on the tests, Trooper Reider determined that appellant was under the influence of alcohol and placed him under arrest. Upon being transported to the Ravenna Highway Patrol Post, appellant consented to a Breathalyzer test which resulted in a reading of .130 grams of alcohol per two hundred liters of breath.
Accordingly, appellant was charged with the following: (1) speeding, in violation of R.C. 4511.21(C); (2) driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1); and (3) driving with a prohibited breath alcohol concentration, in violation of R.C. 4511.19(A)(3). At the initial appearance, appellant entered a plea of not guilty to the charges.
On December 16, 1998, appellant filed a motion to suppress the evidence against him. As grounds for the motion, appellant alleged that Trooper Reider did not have probable cause to arrest him for driving under the influence of alcohol. The trial court conducted a hearing on the motion to suppress on January 27, 1999, at which Trooper Reider was the only person to testify. After considering the evidence, the trial court denied appellant's motion to suppress.
On November 16, 1999, appellant entered a no contest plea to the driving with a prohibited breath alcohol concentration charge in exchange for the dismissal of the remaining two counts. The trial court entered a finding of guilt and sentenced appellant accordingly. Appellant's sentence was stayed by the trial court pending an appeal.
From this decision, appellant filed a timely notice of appeal with this court. He now asserts the following assignment of error for our review:
 "The trial court erred in failing to grant the Defendant-Appellant's motion to suppress."
 At a hearing on a motion to suppress, the trial court functions as the trier of fact. Thus, the trial court is in the best position to weigh the evidence by resolving factual questions and evaluating the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. See, also, State v. Bencie
(Dec. 1, 2000), Portage App. No. 2000-P-0004, unreported, at 4, 2000 Ohio App. LEXIS 5621.
On review, an appellate court must accept the trial court's findings of fact if those findings are supported by competent, credible evidence.State v. Retherford (1994), 93 Ohio App.3d 586, 592; Bencie at 5. After accepting such factual findings as true, the reviewing court must then independently determine as a matter of law whether or not the applicable legal standard has been met. Retherford at 592; Bencie at 5.
It is generally accepted that there are three distinct stages in the typical drunk driving scenario: (1) the initial stop; (2) the request that the driver submit to field sobriety tests; and (3) the arrest.State v. Burdick (May 26, 2000), Geauga App. No. 98-G-2209, unreported, at 12, 2000 Ohio App. LEXIS 2264; State v. Richards (Oct. 15, 1999), Portage App. No. 98-P-0069, unreported, at 5, 1999 Ohio App. LEXIS 4860.
Here, Trooper Reider clearly had a constitutional basis upon which to effect the initial traffic stop. This court has held on numerous occasions that an officer's observation of any violation of a traffic ordinance constitutes sufficient grounds to stop the vehicle observed violating the ordinance. For example, in State v. Yemma (Aug. 9, 1996), Portage App. No. 95-P-0156, unreported, at 6-8, 1996 Ohio App. LEXIS 3361, we noted that:
 "This court has repeatedly held that a minor violation of a traffic regulation * * * that is witnessed by a police officer is, standing alone, sufficient justification to warrant a limited stop for the issuance of a citation. * * *
 "Once the officer has stopped the vehicle for some minor traffic offense and begins the process of obtaining the offender's license and registration, the officer may then proceed to investigate the detainee for driving under the influence if he or she has a reasonable suspicion that the detainee may be intoxicated based on specific and articulable facts, such as there are clear symptoms that the detainee is intoxicated." (Citations and footnote omitted.)
 In the case sub judice, appellant was driving well over the posted speed limit on the portion of State Route 59 where the stop occurred. Given this, it cannot be disputed that Trooper Reider had probable cause to stop appellant for the purpose of issuing a traffic citation. Richards at 8. See, also, State v. Porter (Sept. 15, 2000), Portage App. No. 99-P-0061, unreported, at 10, 2000 Ohio App. LEXIS 4211.
Moreover, after stopping appellant's vehicle, the evidence shows that Trooper Reider then formed a reasonable suspicion to justify further investigation that appellant was driving under the influence of alcohol. The trooper's conclusion was predicated on the odor of alcohol on appellant's person, along with appellant's concession that he had had three drinks that night. Certainly, with these facts before him Trooper Reider was more than justified in asking appellant to submit to the roadside sobriety tests.
And as mentioned previously, appellant performed poorly on the horizontal gaze nystagmus exam, the walk-and-turn test, and the one-legged stand. In any prosecution for drunk driving, the state does not have to prove actual impaired driving; rather, it must only show impaired driving ability. Burdick at 15; Richards at 8. To prove impaired driving ability, the state can rely on physiological factors (odor of alcohol), and coordination tests (field sobriety tests) to demonstrate that a person's physical and mental ability to drive was impaired. Burdick at 15; Richards at 8-9.
In the instant matter, there was ample evidence to support the trial court's finding that Trooper Reider had the required probable cause to place appellant under arrest for driving under the influence of alcohol. This evidence included all of the aforementioned factors concerning appellant's appearance and actions during the roadside stop, i.e., the odor of alcohol, the admission of alcohol consumption, and his poor performance on the field sobriety tests. Burdick at 16; Richards at 9.
We wish to emphasize that Trooper Reider arrested appellant for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), and not pursuant to the more objective standards used to define violations of R.C. 4511.19(A)(2) through (A)(4). Burdick at 16; Richards at 9. Based on this and the evidence introduced during the suppression hearing, we hold that the trial court correctly determined that, as a matter of law, Trooper Reider had probable cause to arrest appellant for driving under the influence.
Appellant's sole assignment of error has no merit. Accordingly, the judgment of the trial court is affirmed.
 _____________________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., GRENDELL, J., concur.